UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

INDUS TRADE & TECHNOLOGY, LLC,

  Plaintiff,

              Case No. 2:11-cv-637
v.              JUDGE GREGORY L. FROST
               Magistrate Judge Norah McCann King

STONE MART CORP.,

  Defendant.

## OPINION AND ORDER

  This matter is before the Court on Defendant's Motion to Dismiss for Lack of Personal Jurisdiction (ECF No. 2), Plaintiff's Opposition to Defendant's Motion to Dismiss (ECF No. 5), and Defendant's Reply in Support of Motion to Dismiss for Lack of Personal Jurisdiction (ECF No. 7).  For the reasons that follow, the Court **GRANTS** Defendant's motion.

### I.  Background

  Plaintiff Indus Trade & Technology, LLC has distributed natural stone in Ohio and New York under the fictitious name "Stone Mart" since March 2007.  Defendant Stone Mart is a California Corporation based in North Hollywood, which was incorporated in California in 1996.  Defendant is in the business of distributing natural stone products and operating retail stores.  A dispute has arisen regarding the use of the name "Stone Mart" and whether Plaintiff's use of that name infringes upon Defendant's trademark.

  A California-based attorney for Defendant sent Plaintiff a cease and desist letter on May 17, 2011, requesting that Plaintiff stop using the Stone Mart designation.  After receiving a letter

in response from Plaintiff's attorney, Defendant's counsel sent another letter, this time to Plaintiff's attorney in Toledo Ohio, requesting that Plaintiff cease and desist using the Stone Mart designation. Counsel for Defendant sent a third letter to Plaintiff's counsel on August 8, 2011.

On July 18, 2011, Plaintiff filed this action requesting a declaration of non-infringement from this Court. Plaintiff moves under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, the Lanham Act, 15 U.S.C. §§ 1114(1), 1125(a), and under Ohio statutory and common law. Defendant has filed a motion to dismiss for lack of personal jurisdiction, which is ripe for review.

## II. Standard

Federal Rule of Civil Procedure 12(b)(2) provides for dismissal of cases for lack of personal jurisdiction over the defendant. In considering a properly supported motion to dismiss for lack of personal jurisdiction, a district court has discretion to either decide the motion upon the affidavits alone, permit discovery in aid of deciding the motion, or conduct an evidentiary hearing to resolve any apparent factual questions. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991) (citing *Serras v. First Tennessee Bank Nat. Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989)). Here, no party has requested further discovery nor an evidentiary hearing and this Court finds that neither is necessary for it to determine the issue at hand.

A plaintiff bears the burden of establishing the existence of personal jurisdiction. *Estate of Thomson v. Toyota Motor Corp. Worldwide*, 545 F.3d 357, 360 (6th Cir. 2008) (citing *Brunner v. Hampson*, 441 F.3d 457, 462 (6th Cir. 2006)). However, where a Rule 12(b)(2) motion is decided solely on written submissions and affidavits, as here, "the plaintiff's burden is

'relatively slight,' *Am. Greetings Corp. v. Cohn*, 839 F.2d 1164, 1169 (6th Cir. 1988) (internal quotation marks omitted) and 'the plaintiff must make only a *prima facie* showing that personal jurisdiction exists in order to defeat dismissal,' *Theunissen*, 935 F.2d [at 1458]." *Id.* Indeed, "[t]he pleadings and affidavits submitted must be viewed in a light most favorable to" the plaintiff, and the court "should not weigh 'the controverting assertions of the party seeking dismissal.' " *Id.* (citing *Theunissen*, 935 F.2d at 1459). This rule is in place because the United States Court of Appeals for the Sixth Circuit has stated that it wants "to prevent non-resident defendants from regularly avoiding personal jurisdiction simply by filing an affidavit denying all jurisdictional facts[.]" *Theunissen*, 935 F.2d at 1459.

### III.  Discussion

Plaintiff alleges that subject matter jurisdiction exists in this action based upon federal question and diversity of citizenship. (ECF No. 1 ¶4) (citing to 28 U.S.C. §§ 1331, 1332). "Where a federal court's subject matter jurisdiction over a case stems from the existence of a federal question, personal jurisdiction over a defendant exists 'if the defendant is amenable to service of process under the [forum] state's long-arm statute and if the exercise of personal jurisdiction would not deny the defendant[] due process.' *Michigan Coalition of Radioactive Material Users*, *Inc. v. Griepentrog*, 954 F.2d 1174, 1176 (6th Cir. 1992) (internal citations omitted)." *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002). When a court's jurisdiction is founded on diversity of citizenship, it can exercise personal jurisdiction over a defendant only if personal jurisdiction is "(1) authorized by the law of the state in which it sits, and (2) in accordance with the Due Process Clause of the Fourteenth Amendment." *Tharo Sys., Inc. v. Cab Produkttechnik GMBH & Co. KG*, 196 Fed. Appx 366, 369 (6th Cir. 2006) (quoting *Neogen*

*Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 888 (6th Cir. 2002)).  A court may exercise personal jurisdiction over a defendant based upon general or specific jurisdiction.  Here, Plaintiff asserts only specific personal jurisdiction.[1]

The Sixth Circuit has "recognized that Ohio's long-arm statute is not coterminous with federal constitutional limits."  *Calphalon Corp. v. Rowlette*, 228 F.3d 718, 721 (6th Cir. 2000) (noting that "the Ohio Supreme Court has ruled that the Ohio long-arm statute does not extend to the constitutional limits of the Due Process Clause") (citing *Goldstein v. Christiansen*, 70 Ohio St. 3d 232, 236 (Ohio 1994) (per curiam)).  "Accordingly, 'when Ohio's long-arm statute is the

---

[1] Defendant contends that Ohio's "long-arm statute provides the only basis for asserting personal jurisdiction in Ohio over a nonresident defendant, and it precludes 'general' personal jurisdiction altogether."  (ECF No. 2 at 4-5) (citing *McDonald v. Navistar Int'l Transp. Corp.*, 143 F. Supp. 2d 918, 923 (S.D. Ohio 2001)).  However, as the undersigned judge recently explained, the courts in this District are split on whether general personal jurisdiction is available under Ohio law.  *See William F. Shea, LLC v. Bonutti Research, Inc.*, No. 2:10-cv-615, 2011 U.S. Dist. LEXIS 1752, at *36-37 (S.D. Ohio Jan. 7, 2011) (comparing *Kinda Wood USA, LLC v. MGV Enters. LLC*, No. 2:07-cv-1137, 2008 U.S. Dist. LEXIS 75699, at *24 (Judge Sargus) (defendants do not have the "kind of 'continuous and systematic' conduct required to support general personal jurisdiction over" them), *Paglioni & Assocs. v. WinnerComm, Inc.*, No. 2:06-cv-00276, 2007 U.S. Dist. LEXIS 18612, at *10 (S.D. Ohio March 16, 2007) (Judge Graham) ("These five contacts are insufficient to support general personal jurisdiction over WinnerComm."), and *Pierson v. St. Bonaventure Univ.*, No. 2:05 CV 0581, 2006 U.S. Dist. LEXIS 4662, 2006 WL 181988 (S.D. Ohio Jan. 23, 2006) (Judge Smith) ("Although there are a smattering of lower court decisions which have expressed the view that Ohio does not recognize the concept of 'general jurisdiction' over an out-of-state defendant, the Courts of Appeals held otherwise.") with *Projects Unlimited, Inc. v. All Tech Elecs., Inc.*, No. 3:09-cv-284, 2009 U.S. Dist. LEXIS 123640, at *4 (S.D. Ohio December 7, 2009) (Magistrate Judge Merz) ("The Court adheres to its prior ruling and determines that it cannot exercise general personal jurisdiction over All Tech on the basis of the Ohio long-arm statute because that statute does not authorize general personal jurisdiction."), *NCR Corp. v. PC Connection, Inc.*, 384 F. Supp.2d 1152, 1157 (S.D. Ohio 2005) (Judge Rose) ("this Court will defer to its previous interpretations of the Ohio long-arm statute, finding no general personal jurisdiction"), and *Navistar Int'l Transp. Corp.*, 143 F. Supp.2d at 923 (Judge Rice) ("However, even though the due process clause allows for general jurisdiction, Ohio's long-arm statute precludes general personal jurisdiction in this forum").

4

basis for personal jurisdiction, the personal jurisdiction analysis requires separate discussions of whether the defendant is amenable to suit under Ohio's long-arm statute and whether due process requirements of the Constitution are met.' " *Estate of Thomson*, 545 F.3d at 361 (citing *Walker v. Concoby*, 79 F. Supp. 2d 827, 831 (N.D. Ohio 1999)).

**1. Ohio's Long-Arm Statute**

Ohio's long-arm statute provides:

(A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:

>(1) Transacting any business in this state;

>(2) Contracting to supply services or goods in this state;

>(3) Causing tortious injury by an act or omission in this state;

>(4) Causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;

>(5) Causing injury in this state to any person by breach of warranty expressly or impliedly made in the sale of goods outside this state when he might reasonably have expected such person to use, consume, or be affected by the goods in this state, provided that he also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;

>(6) Causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when he might reasonably have expected that some person would be injured thereby in this state;

>(7) Causing tortious injury to any person by a criminal act, any element of which takes place in this state, which he commits or in the commission of which he is guilty of complicity.

>    (8) Having an interest in, using, or possessing real property in this state;
>
>    (9) Contracting to insure any person, property, or risk located within this state at the time of contracting.
>
> (B) For purposes of this section, a person who enters into an agreement, as a principal, with a sales representative for the solicitation of orders in this state is transacting business in this state. As used in this division, "principal" and "sales representative" have the same meanings as in section 1335.11 of the Revised Code.
>
> (C) When jurisdiction over a person is based solely upon this section, only a cause of action arising from acts enumerated in this section may be asserted against him.

Ohio Rev. Code § 2307.382.

Defendant argues that not one of the nine enumerated bases for jurisdiction are applicable to this matter. In Plaintiff's memorandum in opposition to Defendant's motion, Plaintiff does not dispute that Defendant has committed no acts that satisfy the requirements of Ohio's long-arm statute. Instead, Plaintiff argues only that this Court's exercise of personal jurisdiction over Defendant comports with due process, the second inquiry that must be made under a specific personal jurisdiction analysis.

This Court agrees with Defendant that personal jurisdiction over it is not authorized by Ohio's long-arm statute. It is undisputed that Defendant does not conduct any sales activity in Ohio, has never received orders or shipped to customers in Ohio, has never owned real or personal property in Ohio, has never had an office or maintained a place of business in Ohio, has never maintained a bank account in Ohio, has never had a telephone listing in Ohio, has never had any employees in Ohio, has never conducted any public relations in Ohio, and has never

engaged an agent for service of process in Ohio.  (Ganjian[2] Decl. ¶4(a)-(j).)  Consequently, Plaintiff has failed to meet its relatively slight burden of showing that Ohio's long-arm statute provides a basis for this Court to exercise personal jurisdiction over Defendant.

    **2. Due Process**

Even if Plaintiff had met its burden of showing that Ohio's long-arm statute authorized personal jurisdiction over Defendant, it has failed to show that exercising that jurisdiction comports with constitutional due process.  A suit cannot be maintained where jurisdiction offends "traditional notions of fair play and substantial justice."  *Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. and Placement*, 326 U.S. 310, 316 (1948) ("due process requires only that in order to subject a defendant to a judgment *in personam*, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice' ") (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).  As to the due process inquiry, the Sixth Circuit established in *Southern Machine Corp. v. Mohasco Industries, Inc.* a three-prong test for determining whether jurisdiction may be exercised:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state.  Second, the cause of action must arise from the defendant's activities there.  Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

401 F.2d 374, 381 (6th Cir. 1968).  Here, Defendant's actions do not satisfy any of the three

---

[2]Arman Ganjian is the Chief Executive Officer of Defendant.  His declaration is attached as Exhibit A to Defendant's Motion to Dismiss for Lack of Personal Jurisdiction.  (ECF No. 2-1.)

prongs of this test.

### i. Purposeful availment

"The purposeful availment prong of the *Southern Machine* test is essential to a finding of personal jurisdiction[.]" *Calphalon Corp.*, 228 F.3d at 721 (citing *LAK, Inc. v. Deer Creek Enterprises*, 885 F.2d 1293, 1300 (6th Cir. 1989)).  As the "constitutional touchstone" of personal jurisdiction, purposeful availment exists where a defendant's conduct and connection with the forum are such that he should reasonably anticipate being haled into court there.  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 295 (1980)).   Plaintiff argues that Defendant admitted in its July 5, 2011 letter that it had purposefully and extensively availed itself of the privilege of acting in Ohio.

Specifically, Plaintiff argues that in Defendant's cease and desist letter, it indicated that it had common law rights in the mark "Stone Mart."  Plaintiff claims that the protection afforded to a common law trademark is limited to the geographic area in which the mark is being used. Plaintiff extrapolates from this legal proposition:

> In order for Defendant Stone Mart to possess extensive common law rights in Ohio in [the mark] STONE MART, it must have used the mark in commerce in Ohio.
> . . . .
> [Defendant's] claim that the [declaratory judgment ("DJ")] Plaintiff's use of STONE MART in Ohio is an intentional infringement of those common law rights is an outright admission that the Defendant Stone Mart is using STONE MART in Ohio because that is a condition precedent to the existence of the very rights which Defendant Stone Mart claims were intentionally infringed by the DJ Plaintiff.

(ECF No. 5 at 6.)  Plaintiff, however, is confused in its analysis.

There is simply no law to support the proposition that an intentional violation of common law trademark rights can only occur if the trademark holder (here Defendant) does business in

the location of the alleged infringer (here Plaintiff).  The only connection Defendant has with Ohio is the cease and desist letters sent to Plaintiff.

With regard to those letters, as Defendant correctly points out, courts have courts have repeatedly held that cease and desist letters alone are insufficient to confer personal jurisdiction over a defendant.  *See e.g., Calphalon Corp. v. Rowlette*, 228 F.3d 718, 723 (6th Cir. 2000) (letter outlining possible claims against defendant is insufficient to establish purposeful availment); *Genetic Implant Sys., Inc. v. Core-Vent Corp.*, 123 F.3d 1455 (Fed. Cir. 1997) ("We have held that sending infringement letters, without more activity in a forum state, is not sufficient to satisfy the requirements of due process."); *Med-Tec, Inc. v. Kostich*, 980 F. Supp 1315, 1330 (N.D. Iowa 1997) ("It should not be the rule that a patent holder cannot demand recourse from an infringer without submitted to the jurisdiction of the wrongdoer's forum."); *Amway Corp. v. Kope Food Prods.*, 840 F. Supp. 78, 81 (W.D. Mich. 1993) (referring to a cease and desist use of a trademark letter: "[T]his Court is not at all convinced that such an isolated instance of communication with a Michigan resident constitutes the purposeful availment of the privilege of causing a consequence in this state.  The desired consequence has not in fact occurred.  The letter represents merely a threat to cause a consequence"); *Starline Optical Corp. v. Caldwell*, 598 F. Supp. 1023, 1027 (D. N.J. 1984) ("were the dispatch of notice-of-infringement letters to operate as a waiver of objection to *in personam* jurisdiction, the result would be a chilling effect on assertion of legal rights by holders of copyrights, patents, and trademarks");  *Music Makers Holdings, LLC v. Sarro*, No. RWT 09cv1836, 2010 U.S. Dist. LEXIS 71920, at *17-18 (D. Md. July 14, 2010) ("Consistent with the overwhelming weight of the case law, the Court concludes that cease-and-desist letters alone are not sufficient to invoke

specific personal jurisdiction in an action for trademark infringement."); *Classic Golf Co. v. Karsten Mfg'g Co.*, No. 86 C 906, 1986 U.S. Dist. LEXIS 21763, *3 (N.D. Ill. Aug. 8, 1986) ("The sending of infringement letters has been uniformly held insufficient by itself to satisfy the minimum contacts requirement.") (citing to a collection of cases).

The " 'purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, *Keeton v. Hustler Magazine, Inc.*, 465 U.S. [770], 774 [(1984)];*World-Wide Volkswagen Corp. v. Woodson*, *supra*, at 299, or of the 'unilateral activity of another party or a third person,' *Helicopteros Nacionales de Colombia, S.A. v. Hall*,[466 U.S.] 417 [(1984)]." *Burger King Corp.*, 471 U.S. at 475.  A defendant must have "purposefully avail[ed] itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protection of its laws." *Hanson v. Denckla*, 357 U.S. 235, 252 (1958); *see also*, *World-Wide Volkswagen*, at 297-98.  The record in the case *sub judice* clearly demonstrates that Defendant's contacts with Ohio, the cease and desist letters, were merely fortuitous and arising out of the fact that Plaintiff happened to be using Defendant's alleged marks in Ohio.  A defendant's communications directed toward a state simply because the plaintiff chose to make that state the base of its operations are insufficient to constitute purposeful availment.  The Sixth Circuit has held that communications such as letter, telephone, and facsimile directed towards a forum state, in that case Michigan, "have no talismanic qualities, and the only reason the communications in question here were directed to Michigan was that [plaintiff] found it convenient to be present there." *Int'l Techs. Consultants v. Euroglas S.A.*, 107 F.3d 386, 395 (6th Cir. 1997) (internal citations omitted). Such communications are driven by the plaintiff, and from "the perspective of

10

[the defendant], it was purely fortuitous that [the plaintiff] happened to have a Michigan address." *Id. See also In-Flight Devices Corp. v. Van Dusen Air, Inc.*, 466 F.2d 220, 228 (6th Cir. 1972) ("the purposeful action test is . . . designed to insure that the defendant has become involved with the forum state through actions freely and intentionally done. It seeks to avoid the assertion of jurisdiction in a situation where all contacts result entirely from a decision made by plaintiff as was the case in *Hanson v. Denckla*"). In the instant action, all of the contacts upon which Plaintiff relies are the result of decisions made by Plaintiff. Consequently, the Court finds that Defendant did not purposely avail itself of the privilege of conducting business in Ohio.

### ii. Arising from

Under the second *Southern Machine* prong, the claim for relief must arise out of the defendant's activities in the forum. *See Southern Mach.*, 401 F.2d at 381. A claim for relief can be of whatever type, as long as it has "a substantial connection with the defendant's in-state activities." *Id.* at 384 n.27. "Only when the operative facts of the controversy are not related to the defendant's contact with the state can it be said that the cause of action does not arise from that contact." *Id.* at 384 n.29 (citations omitted). The Sixth Circuit has also stated that a "lenient standard . . . applies when evaluating the arising from criterion." *Bird v. Parsons*, 289 F.3d at 875.

Even under this lenient standard, however, the operative facts of the controversy here are not related to Defendant's contact with the state of Ohio. That is, although the cease and desist letters may have motivated Plaintiff's decision to bring the declaratory judgment action, this is insufficient to establish that the trademark claims arise out of Defendant's conduct in Ohio. As a

sister district court has explained in similar circumstances:

> Although an infringement letter might "give rise" to a declaratory judgment action, . . . it does so only in the sense that receiving such a letter may create a controversy motivating the accused infringer to commence an action to declare its rights. Such letters have no bearing on, i.e., are unrelated to, the subject matter of the subsequent claim: is the patent valid and, if so, have the plaintiff's rights infringed it.

*Zumbro, Inc. v. Cal. Nat. Prods., and Imagine Foods, Inc.*, 861 F. Supp. 773, 780 (D. Min. 1994).

Similarly in this case, the cease and desist letters may properly have given rise to a declaratory judgment action. The letters, however, are unrelated to the subject matter of the subsequent claim, *i.e.*, whether Plaintiff infringed on Defendant's trademark, and are insufficient to meet the second element of the *Southern Machine* test.

### iii. Reasonableness

The third prong of the *Southern Machine* test requires that a plaintiff show that "the acts of the defendant or consequences caused by the defendant have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable. *Southern Mach.*, 401 F.2d at 381. This element exists because "minimum requirements inherent in the concept of 'fair play and substantial justice' may defeat the reasonableness of jurisdiction even if the defendant has purposefully engaged in forum activities." *Nationwide Mut. Ins. Co. v. Tamariz-Wallace*, No. C2-08-1148, 2009 WL 1850612, at *5 (S.D. Ohio June 19, 2009) (citing *Burger King Corp. Corp.*, 471 U.S. at 477-78; *World-Wide Volkswagen Corp.*, 444 U.S. at 292). " 'In considering whether the exercise of jurisdiction is reasonable, the court should consider, amongst others, the following factors: (1) the burden on the defendant; (2) the interest of the forum state; (3) the plaintiff's interest in obtaining relief; and (4) other states' interest in securing

the most efficient resolution of the policy.' " *Id.* (quoting *Air Products and Controls, Inc. v. Safetech Intern., Inc.*, 503 F.3d 544, 554-55 (6th Cir. 2007)).

The issue here presents a closer call than those presented in the analysis thus far. For being haled into court in Ohio would create a burden on Defendant because it did not conduct any business or otherwise have any connection to the State of Ohio. Also, California certainly has an interest in securing the most efficient resolution of the controversy of one of its corporations attempting to enforce a federally registered trademark. On the other hand, Plaintiff certainly has an interest in obtaining relief in the form of a declaration that it is not infringing on the registered trademark of Defendant and Ohio certainly has an interest in providing a forum for one of its corporations. However, even if the Court were to find that this prong weighed in favor Plaintiff, it could still not exercise jurisdiction over Defendant because Plaintiff failed to show that Ohio's long-arm statute permits such exercise and each criterion of the *Southern Machine* test "represents an independent requirement, and failure to meet any one of the three means that personal jurisdiction may not be invoked." *Lak, Inc. v. Deer Creek Enter.*, 885 F.2d 1293, 1303 (6th Cir. 1989).

Accordingly, even viewing the pleadings and affidavits in a light most favorable to Plaintiff, the Court concludes that Plaintiff has failed to meet its relatively slight burden of making a *prima facie* showing that personal jurisdiction exists in order to defeat dismissal. It was unnecessary for the Court to weigh any controverting assertions here because Plaintiff has not set forth any factual assertions regarding Defendant's activities in Ohio. Instead, Plaintiff merely interprets Defendant's letters to stand for the proposition that Defendant has admitted to doing business in Ohio. As the Court explained *supra*, this is an inaccurate assessment of the

13

content of Defendant's letters, which in and of themselves are insufficient to establish personal jurisdiction over Defendant.

## IV.  Conclusion

For the reasons that are set forth above, the Court **GRANTS** Defendant's Motion to Dismiss for Lack of Personal Jurisdiction.  (ECF No. 2.)  The Clerk is **DIRECTED** to **REMOVE** this case from this Court's active docket.

**IT IS SO ORDERED.**

> **/s/ Gregory L. Frost**
> **GREGORY L. FROST**
> **UNITED STATES DISTRICT JUDGE**